RICHARD SUYDAM *et al. v.* ANTOINE DEQUINDRE *et al.*

Practice as to confirmation of Master's report under the eighty-second rule of the Court.

An agreement between counsel in a case must be in writing, or reduced to the form of an order by consent, pursuant to the provisions of rule 87, in order to be noticed by the Court.

Where the proceedings before a Master have been irregular, his report may be set aside for irregularity, on motion. In such case an order should be obtained enlarging the time to except until the motion can be heard and decided.

Where the Master decides against allowing a claim presented, the proper way of bringing the question before the Court, is by exception to the Master's report.

Where the person who executed a trust deed for the benefit of his creditors, offered, as administrator, to prove a debt due from him to the estate, *held,* that it was incompetent for him to do so; but that the next of kin of the deceased, or others entitled to the money due from him as administrator, might come in and claim under such deed, as his individual creditors.

THIS was a motion to confirm the report of a Master on a reference to ascertain and report the names of the several creditors, and the amount due to each, under a deed of trust. The facts of the case are sufficiently stated in the opinion of the Chancellor.

*E. C. Seaman,* for complainants.

*A. D. Fraser,* for defendants.

THE CHANCELLOR.    By the 82d rule of the Court, either party, after the Master's report is filed, may enter an order with the Register for its confirmation, unless cause is shown to the contrary within eight days; and if exceptions are not filed and served on the party entering it within that time, the order becomes absolute of course, without

notice or further order, and the report stands confirmed. The complainants should have proceeded under this rule, instead of making a special motion for a confirmation of the report. The defendants might have successfully opposed the motion on the ground that they were entitled to eight days to file exceptions in, after the order had been entered; but as they relied on other objections, in their opposition to the motion, I will proceed to decide them.

*First.* It was insisted that the proceedings before the Master were irregular, informal and defective, and should be set aside; and affidavits were read to show that Dequindre, as administrator of the estate of Catharine Dequindre, deceased, presented a claim before the Master, and appeared once or twice before him, when he was taken sick and several adjournments took place in consequence of his illness; and, he being still unable to attend, an agreement was entered into between the Solicitors for an indefinite postponement of the proceedings, until Dequindre should be able to appear before the Master. This agreement was not reduced to writing, or noted by the Master in the record of the proceedings before him, and is denied by the affidavit of the complainants' Solicitor. It cannot therefore be noticed by the Court. The 87th rule of the Court says: "No private agreement or consent between the parties, in respect to the proceedings in a cause, shall be alleged or suggested by either of them against the other, unless the same shall have been reduced to the form of an order, by consent, and entered in the book of common orders; or unless the evidence thereof shall be in writing, subscribed by the party against whom it is alleged or suggested, or by his Solicitor or Counsel." The affidavits also state that no summons was served on Dequindre, or his Solicitor, to bring in objections and for settling the draft of the Master's report. This was not ne-

cessary under the 81st rule which requires the Master when he has prepared the draft of his report, to deliver copies thereof to such of the parties as apply for the same, and to assign a time and place for the parties to bring in objections, and for settling the draft of his report; but no summons is required for that purpose, and the parties must, as the rule now stands, take notice of the time and place at their peril. I think the rule clearly defective in this respect, more especially as, by the seventy-eighth rule, the parties are confined in their exceptions to the report, to the objections taken by them before the master. I shall so amend the rule as to make a summons necessary hereafter.(1)   When the proceedings before the Master have been irregular, his report may be set aside for the irregularity, on motion.   An order in such case should be obtained, enlarging the time to except in until the motion could be heard and decided; as an exception to the report pending the motion would be a waiver of the irregularity. *Tyler* v. *Simmons,* 6 *Paige R.* 127.

*Second.* Another objection insisted on by the defendants' counsel was, that the Master had decided against the claim presented by Dequindre as administrator.   This question should have been brought before the Court on an exception to that part of the Master's report. I think the Master was right in rejecting it.   On the 24th October, 1836, Dequindre conveyed to Desnoyers a large amount of real estate and some personal property, in trust for certain creditors named in a schedule annexed to the deed of trust, and forming a part of it.   Desnoyers was required within a specified time to sell the property, or so much of it as should be necessary to pay the debts and the expenses attending the execution of the trust, and then to reconvey what was left, if any thing, to Dequindre. The complainants filed their bill to compel an execution

of this trust, and there was a reference to a Master to take proof of the debts due the several creditors who had not been paid, and who might elect to come in and take under the deed of trust.  Dequindre, as administrator of the estate of Catharine Dequindre, deceased, presented to the Master for his allowance a claim of $3,374.96.   This debt in the schedule is stated at about $800.  Dequindre claimed this large amount in his representative capacity, and not as the attorney and in the name of the creditors or next of kin of Catharine Dequindre, deceased, to whom the money in fact belongs, and who were the proper persons to claim it, and not Mr. Dequindre.   The deed of trust secures nothing to him  except the balance  of the property after his creditors are paid.   The next of kin, or other persons entitled to the money due from him as administrator of the estate of Catharine Dequindre, deceased, are to be considered as his individual creditors, for all the beneficial purposes of the trust, and as standing on the same  footing with such  creditors ; and it is optional with them, as with his other creditors, to come in and claim under the trust deed or not.   They may do so, or they may not, as they choose.   Mr. Dequindre cannot do it for them, and  thereby  prevent those  creditors who have proved their debts from receiving the whole amount due to them.

Master's report confirmed.

(1) This rule has since been amended.